FRIEDMAN KAPLAN SEILER & ADELMAN LLP
A LIMITED LIABILITY PARTNERSHIP FORMED IN THE STATE OF NEW YORK

ONE GATEWAY CENTER, 25TH FLOOR
NEWARK, NJ 07102-5311
TELEPHONE (973) 877-6400
FACSIMILE (973) 877-6401
HWEISSBARD@FKLAW.COM

HARVEY WEISSBARD
DIRECT DIAL (973) 877-6412
DIRECT FAX (973) 877-6413

NEW YORK OFFICE
1633 BROADWAY
NEW YORK, NY 10019-6708
TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250

September 8, 2009

BY ELECTRONIC FILING

Hon. Stanley R. Chesler
United States District Judge
United States Post Office and Courthouse Building
Newark, New Jersey 07101

   Re: United States v. Vieira
      Criminal Action No. 04-11 (SRC)

Dear Judge Chesler:

   Please accept this letter in opposition to the United States Probation Office's request to transfer jurisdiction of this matter. Although we have not received a copy of the application, it is our understanding that it was submitted to Your Honor's chambers during the last week of August. On September 1, we contacted AUSA John Fietkiewicz and advised him of Mr. Vieira's intention to oppose the transfer application. AUSA Fietkiewicz has informed us that the U.S. Attorney's Office takes no position on this issue. We respectfully request that the Court retain jurisdiction over this matter for several reasons.

   First, the Court has considerable knowledge of this complex case and Mr. Vieira's role in the fraud to which he pleaded guilty. The Suprema fraud implicated many individuals and several companies. It involved a complicated scheme that the Government investigated for several years and prosecuted against others for three months in a trial over which you presided. Should this case be transferred, it will take a significant amount of time for new counsel and a new judge to become familiar with the case and Mr. Vieira's role in it. Moreover, according to the related case dockets (05-cr-

772530.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Stanley R. Chesler     - 2 -     September 8, 2009

533; 04-cr-10; 04-cr-13; 05-cr-141; 07-cr-32), a variety of applications by other Suprema defendants continue to be made to this Court. Accordingly, the Court should retain jurisdiction over this matter.

Second, the Court should keep jurisdiction because Mr. Vieira intends to again apply for permission to travel abroad. As the Court is aware, on three separate occasions in 2006 and 2007, both prior to and after the Suprema trial, the Court permitted Mr. Vieira to travel to Portugal and Brazil. After months of searching in a tough job market, Mr. Vieira has obtained employment with Williams Resource & Associates, Inc. His new job will require travel to Argentina, Brazil and Uruguay for essentially the same reasons that he needed to travel to Brazil in 2007. Williams Resource has hired Mr. Vieira to assist with the development of a cheese and milk plant in South America. In fact, the CEO of Williams Resource, Richard Williams, has offered to be responsible for Mr. Vieira during any international travel. Mr. Vieira's current income and prospective salary is fixed to the success of the new plant and his new job is absolutely crucial for supporting his family. He has two children—a son in high school, and a daughter who recently graduated college—and his wife is unable to work because of health reasons. Additionally, he is presently responsible for over $6.5 million in restitution on which he presently is only able to make minimal payments. If a foreign travel application is made, which appears inevitable at this time, this is the most appropriate Court to consider the request. Therefore, the Court should retain jurisdiction over Mr. Vieira's case, or at least until such time as a foreign travel application is made.

Finally, because of the impracticalities of our appearing in federal court in California, if jurisdiction is transferred Mr. Vieira will need to obtain new counsel. Given his current economic situation and the complexities of this case, it will undoubtedly be difficult to find representation during the remaining two-year term of his supervised release. Mr. Vieira will be unfairly disadvantaged in any future application or court proceeding if he cannot find new counsel. Therefore, the Court should continue to exercise jurisdiction over this matter.

As we mentioned to Your Honor's courtroom deputy, we are available to appear at any time should you wish to further consider these issues.

Respectfully yours,

Harvey Weissbard

cc:   AUSA John M. Fietkiewicz (via electronic mail)

772530.1